## In re KAISER ALUMINUM CORP., et al., Debtors.

**Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, Appellants,**

**v.**

**Future Asbestos Claim Representative, Baron & Budd PC, Silber Pearlman, LLP, Official Committee of Asbestos Personal Injury Claimants, Brayton Purcell, Appellees.**

## In re The Flintkote Co., et al., Debtors.

**London Market Insurance Companies, Appellant,**

**v.**

**Baron & Budd PC, Silber Pearlman LLP, Appellees.**

Bankruptcy Nos. 02–10429–JKF, 04–11300–JKF, 04–12440–JKF.

Nos. CIV. 04–1496–JJF, CIV. 04–1521–JJF.

United States District Court, D. Delaware.

July 28, 2005.

Robert T. Aulgur, Jr., Kristi J. Doughty, Whittington & Aulgur, Odessa, DE, Of Counsel: Phillip R. Matthews, Hancock, Rothert & Bunshoft, San Francisco, CA, Russell W. Roten, Katherine M. Windler, Peter B. Ackerman, Coudert Brothers LLP, Los Angeles, CA, Beverly Weiss Manne, Michael A. Shiner, Tucker Arensberg, P.C., Fred L. Alvarez, Mona M. Stone, David C. Butman, Lord, Bissell & Brook LLP, Chicago, IL, for Appellants, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies.

Kathleen M. Miller, Smith, Katzenstein & Furlow, LLP, Wilmington, DE, Of Counsel: Alan B. Rich, Baron & Budd, P.C., Dallas, TX, for Baron & Budd, PC and Silber Pearlman, LLP (in appeal from the Kaiser Aluminum Order).

Daniel K. Hogan, The Hogan Firm, Wilmington, DE, Of Counsel: Sander L. Esserman, David A. Klingler, Stutzman, Bromberg, Esserman & Plifka, Dallas, TX, for Baron & Budd, PC and Silber Pearlman, LLP (in the appeal from the Flintkote Order).

## OPINION

FARNAN, District Judge.

Pending before the Court is an appeal from the October 22, 2004 and the October 25, 2004 Revised Orders Requiring Filing of Statements Pursuant to Fed. R. Bankr. P.2019 (the "Revised 2019 Orders") issued by the United States Bankruptcy Court for the District of Delaware in the *Flintkote Co., et al.* ("Flintkote") and *Kaiser Aluminum Corp., et al.* ("Kaiser") bankruptcy cases. For the reasons discussed, the Court will affirm the October 22, 2004 and October 25, 2004 Revised 2019 Orders issued by the Bankruptcy Court.

## I. PARTIES' CONTENTIONS

By their appeal, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("Appellants") contend that the Bankruptcy Court erred in issuing Revised 2019 Orders in the *Kaiser* and *Flintkote* bankruptcies which (1) did not require law firms representing thousands of asbestos personal injury tort claimants in the underlying bankruptcy cases to file their powers of attorney or other empowering documents, and (2) made the information submitted pursuant to the Revised 2019 Orders unavailable on the public docket, except upon motion by a party and order of the Bankruptcy Court. Appellants contend that the Revised 2019 Orders are appealable as final orders or appealable under the collateral order doctrine, because the information sought in the Rule 2019 Orders has bearing upon the plan confirmation procedures and the ultimate fairness of the plan such that review should not be delayed. Appellants also contend that they have standing to bring this appeal. Appellants contend that they are "aggrieved persons" because the Revised 2019 Orders restrict their rights to access the information submitted under the Orders and require them to incur additional expenses to access the Rule 2019 information in the form of a motion before the Bankruptcy Court.

With respect to the substance of the Orders, Appellants contend that the Bankruptcy Court erred in permitting the law firms to file "exemplars" of their empowering documents rather than actual documents. Appellants also contend that the Bankruptcy Court failed to make any factual findings to justify sealing the documents submitted under the Revised 2019 Orders.

In response, Appellees contend that Appellants lack standing to be heard in this appeal, because they are not directly and pecuniarily aggrieved by any aspect of the Revised 2019 Orders. Appellees contend that any injury Appellants might suffer is contingent and speculative. Appellees also contend that Appellants' appeal is not ripe, because they have not moved for and been denied access to the Rule 2019 information by the Bankruptcy Court. With regard to the substance of the Rule 2019 Orders, Appellees' contend that the Bankruptcy Court properly applied Rule 2019 to adhere to the purpose of the Rule, while taking into consideration the complexities of mass tort-related reorganizations.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review

of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup,* 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

■ Appellees have not challenged the finality of the Bankruptcy Court's Revised 2019 Orders. Nevertheless, the Court concludes that under the pragmatic application of the finality concept used in bankruptcy appeals it has jurisdiction to review the Rule 2019 Orders as final orders. As the District Court for the District of New Jersey recognized in *Baron & Budd, PC v. Unsecured Asbestos Claimants Committee,* 321 B.R. 147, 156 (D.N.J.2005), the information sought by Rule 2019 Orders has an impact on the plan confirmation procedures and the overall fairness of the plan such that it is practical to permit review of the Rule 2019 orders before creditors vote on the confirmation of a plan. Accordingly, the Court concludes that it has jurisdiction to review the Bankruptcy Court's Revised 2019 Orders.

### A. *Whether Appellants Have Standing To Maintain This Appeal*

■ In the bankruptcy context, standing is limited to "persons aggrieved" by an order of the Bankruptcy Court. *In re Combustion Engineering,* 391 F.3d 190, 214 & n. 21 (3d Cir.2004). A person is considered aggrieved for purposes of standing if his or her "rights or interests are 'directly and adversely' affected pecuniarily by an order or decree of the bankruptcy court." *Id.* Stated another way, the Appellants must show that the order of the Bankruptcy Court "'diminishes their property, increases their burdens or impairs their rights.'" *Id.* at 214 (citations omitted). Standing is viewed more restrictively in the bankruptcy context, because bankruptcy proceedings typically involve a myriad of parties who are indirectly affected by every order issued by the bankruptcy court. *Id.; In re Fondiller,* 707 F.2d 441, 443 (9th Cir.1983).

■ Applying these principles in the context of this case, the Court concludes that Appellants do not have standing to challenge the Bankruptcy Court's Revised Rule 2019 Orders. As Appellees point out, the Rule 2019 Orders have no effect, unless (1) a plan of reorganization is first conceived, approved by creditors and confirmed, and (2) payment is sought from the Appellants under the respective insurance policies they issued to the Debtors. Appellants direct the Court to *Baron & Budd* for the proposition that insurers have standing to challenge Rule 2019 orders; however, *Baron & Budd* involved a plan which was not insurance neutral. 321 B.R. at 159. In *Combustion Engineering,* the Third Circuit recognized that insurance neutral plans are possible, and that an insurer does not have standing to challenge such insurance neutral provisions of a plan. 391 F.3d at 218. In this case, plans have not yet been conceived, and therefore, any impact that the Revised Rule 2019 Orders may have on Appellants is contingent and speculative.

Appellants also contend that they suffer a current financial impact from the Revised Rule 2019 Orders, because they must file a motion in the Bankruptcy Court to gain access to the Rule 2019 information submitted. The Court is not persuaded

that this is the type of direct, pecuniary interest contemplated by the "aggrieved person" test. These incidental costs apply to anyone seeking access to the Rule 2019 information, and if this injury were enough, it would confer standing on anyone to challenge the Rule 2019 Orders. Accordingly, the Court is not persuaded that Appellants have standing to challenge the Rule 2019 Orders at this juncture.[1]

B. *Whether The Bankruptcy Court Erred In Issuing Its Revised 2019 Orders*

 In the alternative, even if the Court concludes that Appellants have standing to challenge the Revised Rule 2019 Orders, the Court concludes that the Bankruptcy Court did not err in permitting exemplars to be filed or in restricting access to the Rule 2019 information.[2] Rule 2019 provides, in pertinent part,

In a ... chapter 11 reorganization case ... every entity ... representing more than one creditor ... shall file a verified statement setting forth (1) the name and address of the creditor ...; (2) the nature and amount of the claim ... and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity ...,

and (4) with reference to the time of the employment of the entity, ... the amounts of claims or interests owned by the entity ... the times when acquired, the amounts paid therefore, and any sales or other disposition thereof. The statement shall include a copy of the instrument, if any, whereby the entity ... is empowered to act on behalf of creditors ....

The purpose of Rule 2019 is to ensure that plans of reorganization are negotiated and voted upon by people who are authorized to act on behalf of the real parties in interest. 9 Lawrence P. King, et al., *Collier on Bankruptcy* § 2019.05[2] (15th ed.2004). It has been recognized that Rule 2019 need not always be strictly applied. *Collier on Bankruptcy*, supra at § 2019.02, 2019.04[4].

In the Court's view, the Revised 2019 Orders issued by Judge Fitzgerald in this case comport with the requirements of Rule 2019, while taking into consideration the complexities of mass tort litigation. As Rule 2019(b) suggests, the operative portion of the agreements deposited under Rule 2019(a) are the representation provisions. Further, Rule 2019(b) vests the Bankruptcy Court with the discretion to determine whether there has been a failure to comply with the Rule 2019(a) requirements. *See* Fed. R. Bankr.P.2019(b).

---

1. Appellees also contend that this matter is not ripe for adjudication, because Appellants have not moved for and been denied access to the Rule 2019 information. However, the Court is not persuaded that such a motion is a necessary prerequisite to the ripeness of this appeal, because Appellants have challenged that very procedure. Nevertheless, the Court also concludes that this matter is not ripe, because any injury suffered by Appellants is speculative. *See e.g. Peachlum v. City of York*, 333 F.3d 429 (3d Cir.2003) (requiring party to be genuinely aggrieved to establish ripeness).

2. *See IPSCO Steel (Alabama), Inc. v. Blaine Constr. Corp.*, 371 F.3d 150 (3d Cir.2004) (concluding that appellant lacked standing, but considering in the alternative the substantive issues raised); *Wind River Multiple Use Advocates v. Espy*, 85 F.3d 641, 1996 WL 223925 (10th Cir.1996) (collecting cases and recognizing that "[c]ourts routinely make alternative decisions on the merits while simultaneously holding that a plaintiff lacks standing to sue," because "[t]his practice is in the best interest of judicial economy and does not violate the case and controversy requirement of Article III of the United States Constitution").

Accordingly, the Court concludes that the Bankruptcy Court did not err in requiring exemplars to be filed under Rule 2019 and in concluding that such exemplars were sufficient to demonstrate compliance with Rule 2019.

■■■ In addition, the Court concludes that the Bankruptcy Court did not abuse its discretion in declining to post the Rule 2019 information on the electronic docket and making the Rule 2019 information available upon motion of a party and order of the Court. Section 107(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

Although Section 107(a) evidences a strong desire by Congress to preserve the public's right to access judicial records, that right is not absolute. *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994). Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–598, n. 8, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). In this case, the Bankruptcy Court did not seal the Rule 2019 information as Appellants contend, rather, the Bankruptcy Court is regulating access to the information because of privacy concerns related to the electronic case filing system. As Judge Fitzgerald explained in the *Owens–Corning* bankruptcy in which she entered a Rule 2019 order substantively identical to the Orders at issue here:

> This order, in my view, does everything and probably more than it needs to do. *It provides for protection of the parties'*
> *rights to ask us [for] this information by simply filing a motion with this Court telling me why you want it.* And I don't think that's inappropriate. The problem that the Courts wrestle with with electronic case filing is just that. Everything gets spread on the public docket and that is not appropriate. That's not what the electronic case filing system was intended to do where privacy concerns are involved. It was intended to make access to relevant information more widely available to parties.

Docket No. 12968, *In re Owens Corning, et al.*, Case Nos. 00–3837–3854(JFK) at 55 (emphasis added). In the Court's view, Judge Fitzgerald's Rule 2019 Orders strike the appropriate balance between maintaining the public's right to access the Rule 2019 information and ensuring that the information is not misused. Accordingly, the Court concludes that the Bankruptcy Court did not err in declining to post the Rule 2019 information on the electronic docket and in permitting access to that information by motion of the parties and order of the Court.

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss this appeal based on Appellants' lack of standing, and in the alternative, affirm the October 22, 2004 and October 25, 2004 Revised 2019 Orders issued by the Bankruptcy Court.

An appropriate Order will be entered.

### FINAL ORDER

At Wilmington, this 28 day of July 2005, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The above-captioned appeal is *DISMISSED.*

2. In the alternative, the October 22, 2004 and the October 25, 2004 Revised Orders Requiring Filing of Statements Pursuant to Fed. R. Bankr.P.2019 (the "Revised 2019 Orders") issued by the United States Bankruptcy Court for the District of Delaware in the *Flintkote Co., et al.* and *Kaiser Aluminum Corp., et al.* bankruptcy cases, respectively are *AFFIRMED.*